REQUESTED BY: Douglas D. Christensen, Commissioner of Education.
This opinion is written in response to your request for an opinion to clarify the options for the State Board of Education when conducting contested case proceedings. You have asked three questions. We will answer your third question first since the answer to this question will impact the answer to the first and second questions. Your questions and our responses are as follows:
1. Are contested case hearings under the Administrative Procedures Act exempt from the public meetings law? In other words, may a State Board quorum hold hearings on contested cases without complying with any of the requirements of the public meetings law?
A contested case hearing under the Administrative Procedure Act ("APA") is defined as "a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." Neb. Rev. Stat. § 84-901 (3) (1994).
Contested case hearings under the APA are quasi-judicial in nature. The parties are afforded the opportunity for a hearing after reasonable notice. Neb. Rev. Stat. § 84-913 (1994). They have the right to present evidence and argument. Neb. Rev. Stat. § 84-915 (1994). A record is made of the hearing, after which the hearing officer renders a decision and order which includes findings of fact and conclusions of law. Neb. Rev. Stat. §§84-914 to 84-915 (1994). Either party aggrieved by a final decision in a contested case may obtain judicial review by filing a petition in state district court. Neb. Rev. Stat. § 84-917 (Cum. Supp. 1998).
In a recent Attorney General opinion, we defined quasi-judicial proceedings in administrative agencies. "[A] quasi-judicial proceeding occurs when an administrative agency hears evidence from or looks into facts involving parties before it, and then makes a discretionary decision based upon those facts. Such a definition would comport with the general notion of a quasi-judicial proceeding before an administrative agency such as a license revocation hearing, where the licensing agency would hear evidence regarding the activities of the license holder, and then decide whether or not to revoke the license." Op. Att'y Gen. No. 99020 (May 4, 1999). See also State ex rel. Labedz v.Beermann, 229 Neb. 657, 428 N.W.2d 608 (1988), Nebraska Mid-StateReclamation Dist. v. Hall County, 152 Neb. 410, 429, 430,41 N.W.2d 397, 410 (1950).
Judicial proceedings are exempt from the requirements of Neb. Rev. Stat. §§ 84-1408 to 84-1414 (1994 Cum. Supp. 1998). "Sections 84-1408 to 84-1414 shall not apply to . . . judicial proceedings unless a court or other judicial body is exercising rulemaking authority, deliberating, or deciding upon the issuance of administrative orders. . . ." Neb. Rev. Stat. § 84-1409 (1)(i) (Cum. Supp. 1998).
We have issued previous opinions which indicate that hearings before various agencies are judicial in nature and not subject to the public meetings statutes. See Op. Att'y Gen. No. 93065 (July 27, 1993) (parole hearings before the Nebraska Parole Board are quasi-judicial proceedings which are not subject to the public meetings statutes); Op. Att'y Gen. No. 210 (May 11, 1984) (employee grievance appeal hearing conducted before a hearing officer designated by the State Personnel Board is adjudicatory in nature and not a "meeting" of a "public body" as defined by the public meetings statutes); Op. Att'y Gen. No. 184 (Jan. 30, 1984) (NEOC hearing before a hearing examiner is judicial in nature and not governed by the public meetings statutes).
Similarly, Department of Education ("Department") contested case hearings are quasi-judicial in nature, and not subject to the requirements of the public meetings statutes. Such hearings fall under the "judicial proceedings" exception to the application of the public meetings statutes. Therefore, a State Board quorum may hold hearings on contested cases without complying with any of the requirements of the public meetings law.
2. May a quorum of the State Board hold sessions that are not noticed as a public meeting for the purpose of deliberating the outcome of contested cases under the Administrative Procedure Act and taking action on such cases?
Since the Department's contested case proceedings are quasi-judicial in nature, a quorum of the State Board can meet for the purpose of deliberating on the outcome of, and taking action on, contested cases without complying with the notice requirements of the public meetings statutes.
3. May a quorum of the State Board use telephone conference calls that are not noticed as a public meeting for the purpose of deliberating and taking action on contested cases under the Administrative Procedures Act?
Again, since the Department's contested cases are quasi-judicial in nature, the State Board may use telephone conference calls that are not noticed as public meetings for the purpose of deliberating and taking action on these cases.
Sincerely,
 DON STENBERG Attorney General
 Charlotte R. Koranda Assistant Attorney General
Approved:
DON STENBERG 
Attorney General
42-116-10.2